IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCISCO JOEL RIVERA </br> Plaintiff, </br> v. </br> FIRST ADVANTAGE BACKGROUND SERVICES CORP. </br> Defendant. | CASE NO. 3:17 CV </br></br> JURY TRIAL DEMANDED |

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Francisco Joel Rivera, against Defendant First Advantage Background Services Corporation ("First Advantage" or "Defendant"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq*.

## PARTIES

2. Plaintiff Francisco Joel Rivera is an adult individual and a citizen of Connecticut residing in New Britain, Connecticut.

3. Defendant First Advantage is a consumer reporting agency that regularly conducts business in the District of Connecticut, is authorized to do business in Connecticut and has its headquarters and principal place of business located at 1 Concourse Parkway, Suite 200, Atlanta, Georgia 30328.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6. In or around April 2016, Defendant First Advantage reported derogatory and inaccurate information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes felony convictions for a violation of a protective order and risk of injury to a child. Plaintiff is not the perpetrator of these crimes.

8. First Advantage inaccurately reported these charges on Mr. Rivera's consumer report in April 2016 when it sold a criminal background report to The Home Depot, Inc. ("Home Depot") with whom Mr. Rivera applied for employment.

9. Specifically, Mr. Rivera applied for and was denied the opportunity to be employed as a greeter and loader with Home Depot.

10. Plaintiff disputed the inaccurate information over the telephone with First Advantage in or around May 2016.

11. On or around May 19, 2016, First Advantage forwarded Mr. Rivera correspondence which Mr. Rivera did not receive until several days later, indicating that Mr. Rivera's background report had been revised and the inaccurate criminal record information removed.

12. On or around May 23, 2016, First Advantage forwarded Mr. Rivera's revised background report to Home Depot.  That was too late, however, and Mr. Rivera was unable to resuscitate his job offer with Home Depot.

13. In or around September 2016, Mr. Rivera applied for and was interviewed by Target Corporation ("Target"), for another job.

14.     On or around September 22, 2016, First Advantage again inaccurately reported derogatory and inaccurate information relating to Plaintiff and Plaintiff's criminal history, this time to Target.

15.     The inaccurate information included felony convictions for possession of narcotics, assault second degree, and a misdemeanor of criminal trespass first degree. Plaintiff is not the perpetrator of these crimes.

16.     Mr. Rivera was denied the opportunity to be employed as a backroom team member for Target as a result of Defendant's false background report.

17.     On or around September 26, 2016, Mr. Rivera disputed this inaccurate information with First Advantage over the telephone.

18.     On or around October 2, 2016, Mr. Rivera also disputed the inaccurate information with First Advantage in writing.

19.     On or around October 7, 2016, First Advantage forwarded correspondence to Mr. Rivera which Mr. Rivera did not receive until several days later, indicating that his background report had been revised, adjudicating Mr. Rivera as "N03," requiring further review to determine Mr. Rivera's eligibility for employment. The revised background report continued to report Mr. Rivera as the perpetrator of the felony of assault second degree. Plaintiff is not the perpetrator of this crime.

20.     On or around October 10, 2016, Mr. Rivera was removed from employment consideration by Target.

21.     On or around October 10, 2016, First Advantage forwarded Mr. Rivera's revised background report to Target, but that report was still inaccurate, containing a false criminal history, and Mr. Rivera was unable to resuscitate the job offer with Target.

22. On or around October 16, 2016, Mr. Rivera again disputed the inaccurate information with First Advantage in writing.

23. Sometime thereafter, Mr. Rivera spoke with a Target manager or human resources representative named Sara to dispute the inaccurate information provided to Target by First Advantage. After this communication, Mr. Rivera provided Sara with proof that he did not have a criminal record. Nonetheless, the job opportunity with Target was gone.

24. As a result of First Advantage's conduct, Mr. Rivera has suffered actual damages in the form of lost employment opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and or employees, was intentional, willful, reckless and in grossly negligent disregard for Plaintiff's rights.

## COUNT I
### VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

32. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT II**
**<u>VIOLATIONS OF THE FCRA</u>**

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

35. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

36. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

37. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681i.

38. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

RESPECTFULLY SUBMITTED AND DATED this 29th day of March, 2017.

THE PLAINTIFF

BY /s/ Joanne S. Faulkner_

Joanne S. Faulkner ct04137
faulknerlawoffice@snet.net
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

James A. Francis*
E: jfrancis@consumerlawfirm.com
John Soumilas*
E: jsoumilas@consumerlawfirm.com
FRANCIS & MAILMAN, P.C.
Land Title Building, Suite 1902
100 South Broad Street,
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
*Pro hac vice applications forthcoming

*Attorneys for Plaintiffs*